ORIGINAL

Ronal J. Kiskila & Donna E. Kiskila
39877 Milkmaid Lane
Murrieta, CA 92562
951-894-2525

Pro Se

FILED

08 JUN 10 AM 10:57

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: TCL DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONAL J. KISKILA; DONNA E. KISKILA,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. '08 CV 1032 JM CAB<br><br>**COMPLAINT FOR PERSONAL INJURIES DUE TO MEDICAL NEGLIGENCE AND LOSS OF CONSORTIUM** |

Plaintiffs, RONAL J. KISKILA and DONNA E. KISKILA, and for their first cause of action against Defendant allege as follows:

**FIRST CAUSE OF ACTION**

(Negligence)

1. This action arises under the Federal Tort Claims Act of 1948, 62 Stat. 982, 28 U.S.C. 1346(b), 2671, et seq.

2. Pursuant to 28 U.S.C. 1391(a), venue is proper in the Judicial District where a substantial part of the events or omissions giving rise to the claim occurred. In the above-entitled action, the Plaintiffs, RONAL J. KISKILA and DONNA E. KISKILA, are bringing this suit



CR

based upon improper medical services RONAL J. KISKILA underwent at the Escondido VA Clinic, California. Therefore, venue is proper in the Southern District of California.

3. On December 12, 2006, two separate administrative tort claims for damages for personal injury were filed on behalf of RONAL J. KISKILA and DONNA E. KISKILA, pursuant to 28 United States Code Section 2401 and 28 United States Code Section 2671 through 2680. Said Tort Claims arose from acts or omissions which occurred at the Veterans Affairs Medical Clinic, Escondido, California. Attached as Exhibit "1" are copies of certified letters dated December 10, 2007 from the Department of Veterans Affairs.

4. The Department of Veterans Affairs has not yet denied the claims. Plaintiffs now file the instant Complaint.

5. That at all times mentioned herein, Plaintiffs, were and are residents of Murrieta, County of Riverside, State of California.

6. That at all times herein mentioned, Defendants, and each of them, were the agents, joint venturers, servants, employees, assistants, consultants and the like of their co-defendants, and were, as such, acting within the course and scope of such agency; that each and every Defendant was negligent in the selection, hiring, monitoring, and continued employment of each and every other Defendant as an agent, servant, employee, assistant, and consultant.

7. That Plaintiffs incorporate by reference as though fully set forth at length herein all of the general allegations previously set forth in this Complaint.

8. That on or about October 18, 2005, and prior thereto, and thereafter, Plaintiff, RONAL J. KISKILA, consulted and engaged for compensation the services of defendants, and each of them; at or about said time, Defendants, and each of them, undertook to examine, diagnose, prescribe medicine and drugs, and handle and control the care and treatment of Plaintiff RONAL J. KISKILA's well being and perform the necessary tests, therapy and surgery for the treatment of said problem, if same were required.

9. That in the aforesaid examination, diagnosis, prescription of medicines and drugs, and handling and controlling of the care and treatment of Plaintiff, RONAL J. KISKILA, Defendants, and each of them, negligently failed to possess and to exercise that degree of

knowledge and skill ordinarily possessed and exercised by other physicians, surgeons, hospitals, nurses, attendants, and the like, in the same or similar locality under similar circumstances as the said defendants, and each of them.

10. That with respect to the duties, responsibilities and liabilities of the Defendant, UNITED STATES OF AMERICA, the Defendant negligently, or in some other actionable manner referred to hereinabove, failed to comply with the applicable legal standard.

11. That in the aforesaid handling and control of the care and treatment of Plaintiff, RONAL J. KISKILA, Defendants, and each of them, negligently and tortiously failed to possess or exercise that degree of knowledge or skill that would ordinarily be possessed and exercised by physicians and surgeons, hospitals, nurses, surgical technicians, attendants, medical clinics, physical therapists and the like, engaged in said professions in the same locality as Defendants, and each of them, in that said Defendants, and each of them, negligently and unlawfully failed to properly and correctly diagnose, render care and treatment, to perform proper surgery on, prescribe and administer medicine and drugs for the condition of the Plaintiff, RONAL J. KISKILA. On or about October 18, 2005, Plaintiff, RONAL J. KISKILA, contacted Veterans Affairs Physician Lopez for treatment of well being, including possible cardiac conditioning. As a result of the failure of defendant physicians and personnel to properly diagnose and monitor Mr. Kiskila, he underwent a cardiac event and was advised he should go to the nearest hospital being Inland Valley Medical Center. He was subsequently transferred to Cedars Sinai Medical Center where he underwent cardiothoracic surgery, including a Medtronic installed defibrillator.

12. That as a direct and legal result of the aforesaid acts or omissions of Defendants, and each of them, Plaintiff, RONAL J. KISKILA, sustained serious and severe personal injuries and pain, mental and emotional anxiety, and scarring, and that said injures have caused, and will continue to cause Plaintiff to sustain pain, physical disability, disfigurement, mental and emotional anxiety and disruption of the nervous system, all to her general damages according to proof at the time of trial.

///

13. As a further direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiffs were compelled to and did employ the services of physicians, surgeons, nurses and the like, to handle and care for Plaintiff RONAL J. KISKILA's treatment, and did incur medical, professional and incidental expenses; that Plaintiffs are informed and believe and based upon such information and belief allege that they will necessarily and by reason of Plaintiff RONAL J. KISKILA's, injuries incur additional like expenses for an indefinite period of time in the future; that Plaintiffs will ask leave of court to amend this allegation once said amounts have been ascertained.

14. That as a further direct and legal result of the aforesaid acts or omissions of Defendants, and each of them, Plaintiffs have sustained and will in the future sustain loss of earnings, and loss of earning capacity, in an amount not presently ascertainable to Plaintiffs, who will seek leave of court to amend this complaint to allege the amount of said losses when the same have been ascertained.

**SECOND CAUSE OF ACTION**

(Loss of Consortium)

15. As against Defendants, and each of them, Plaintiff, DONNA E. KISKILA, incorporates by reference paragraphs 1 through 14 of the First Cause of action with the same force and effect as though set forth at length herein.

16. That at all times herein mentioned, Plaintiffs, RONAL J. KISKILA and DONNA E. KISKILA, were and are husband and wife, residing together in a marital relationship.

17. That prior to his injuries, RONAL J. KISKILA was able to and did perform his duties as a husband and spouse. However, subsequent to the injuries of Plaintiff, RONAL J. KISKILA, as alleged above, and as a proximate cause thereof, Plaintiff, RONAL J. KISKILA, has been unable to perform such work and services. By reason thereof, Plaintiff, DONNA E. KISKILA, has been permanently injured and damaged, and their marital harmony has been severely disrupted and Plaintiff, DONNA E. KISKILA, has been deprived of the consortium of her husband, all to her damage in the sum which will conform to proof at the time of trial.

///

WHEREFORE, Plaintiffs pray for judgment against Defendant, UNITED STATES OF AMERICA, as follows:

1. For general damages according to proof;
2. For medical, hospital and related expenses incurred;
3. For medical monitoring and related expenses;
4. For loss of earnings and loss of earning capacity according to proof;
5. For costs of suit and reasonable attorney's fees incurred herein; and
6. For such other and further relief as the Court may deem just and proper.

Dated: June 9, 2008

By: ______________________
RONAL J. KISKILA and
DONNA E. KISKILA
Pro Se

EXHIBIT 1

**DEPARTMENT OF VETERANS AFFAIRS**
**Office of Regional Counsel**
**4150 Clement Street, Building 210**
**San Francisco, CA 94121**
**TEL (415) 750-2288**
**FAX (415) 750-2255**

December 10, 2007

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Ronal J. Kiskila
39877 Milkmaid Lane
Murrieta, CA 92562

Re: Administrative Tort Claim of Ronal J. Kiskila

Dear Mr. Kiskila:

This office has now completed its investigation of your personal injury claim received on December 12, 2006, in which you allege $6,000,000 in personal injuries as a result of negligence, omissions, errors, wrongdoings and malpractice which caused you to have a heart attack, irreparable injuries, surgeries, damages, pain, suffering and other losses. Our office has investigated the claim and determined that your claim(s) are not supported by the evidence of record. Accordingly, your claim is hereby denied.

If you are dissatisfied with this decision, you may file a request for reconsideration of your claim with the VA General Counsel by any of the following means: (1) you may mail your request to the Department of Veterans Affairs, General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; (2) you may file your request by data facsimile (fax) to (202) 273-6385; or (3) you may e-mail your request to OGC.torts@mail.va.gov. To be timely filed, VA must receive this request prior to the expiration of 6 months from the date of the mailing of this final denial. Upon filing such a request for reconsideration, VA shall have 6 months from the date of that filing in which to make final disposition of the claim, and your option to file suit in an appropriate U.S. District Court under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of such request for reconsideration (28 C.F.R. Section 14.9).

In the alternative, if you are dissatisfied with the action taken on your claim, you may file suit in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If you do initiate such a suit, you are further advised that the proper party defendant is the United States, not VA.

Sincerely,

Suzanne C. Will
Regional Counsel

**DEPARTMENT OF VETERANS AFFAIRS**
**Office of Regional Counsel**
**4150 Clement Street, Building 210**
**San Francisco, CA 94121**
**TEL (415) 750-2288**
**FAX (415) 750-2255**

December 10, 2007

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Donna E. Kiskila
39877 Milkmaid Lane
Murrieta, CA 92562

Re: Administrative Tort Claim of Donna E. Kiskila

Dear Ms. Kiskila:

This office has now completed its investigation of your personal injury claim received on December 12, 2006, in which you allege $2,000,000 in personal injuries as a result of negligence, errors, acts, and malpractice which caused your husband to suffer severe injuries, a heart attack, loss of income, future surgeries, losses, physical and emotional damages and money damages. Our office has investigated the claim and determined that your claim(s) are not supported by the evidence of record. Accordingly, your claim is hereby denied.

If you are dissatisfied with this decision, you may file a request for reconsideration of your claim with the VA General Counsel by any of the following means: (1) you may mail your request to the Department of Veterans Affairs, General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; (2) you may file your request by data facsimile (fax) to (202) 273-6385; or (3) you may e-mail your request to OGC.torts@mail.va.gov. To be timely filed, VA must receive this request prior to the expiration of 6 months from the date of the mailing of this final denial. Upon filing such a request for reconsideration, VA shall have 6 months from the date of that filing in which to make final disposition of the claim, and your option to file suit in an appropriate U.S. District Court under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of such request for reconsideration (28 C.F.R. Section 14.9).

In the alternative, if you are dissatisfied with the action taken on your claim, you may file suit in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If you do initiate such a suit, you are further advised that the proper party defendant is the United States, not VA.

Sincerely,

Suzanne C. Will
Regional Counsel

ORIGINAL

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 08 JUN 10 AM 10:56

**I. (a) PLAINTIFFS**
RONAL J. KISKILA; DONNA E. KISKILA

**(b)** County of Residence of First Listed Plaintiff: Riverside, California
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ronal J. Kiskila and Donna E. Kiskila
39877 Milkmaid Lane
Murrieta, CA 92562 951-894-2525

**DEFENDANTS**
UNITED STATES OF AMERICA

County of Residence of First Listed Defendant: San Diego, California
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY: DEPUTY

Attorneys (If Known)
Unknown

'08 CV 1032 JM CAB

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☒ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Tort Claims Act of 1948 28 U.S.C. 1346(b), 2671
Brief description of cause:
This case stems from medical negligence which occurred at the Escondido VA Clinic in CA

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: June 9, 2008
SIGNATURE OF ATTORNEY OF RECORD
RONAL J. KISKILA DONNA E. KISKILA

FOR OFFICE USE ONLY

RECEIPT # 151795 AMOUNT $350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

TB 06/10/08

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 151795 - MB**
*** * C O P Y * ***
**June 10, 2008**
**10:58:56**

**Civ Fil Non-Pris**
USAO #.: 08CV1032 CIVIL FILING
Judge..: JEFFREY T MILLER
Amount.: $350.00 CK
Check#.: BC1975

**Total-> $350.00**

FROM: RONAL J KISKILA; DONNA E KISKI
VS USA