1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONAL J. KISKILA; DONNA E. KISKILA,<br><br>                              Plaintiffs,<br><br>      vs.<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | CASE NO. 08cv1032 JM(CAB)<br><br>ORDER GRANTING MOTION TO DISMISS |

Defendant United States of America moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h).  Plaintiffs Ronal J. Kiskila and Donna E. Kiskila oppose the motion.  Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument.  For the reasons set forth below, the court grants the motion to dismiss for lack of subject matter jurisdiction.

**BACKGROUND**

The operative First Amended Complaint ("FAC") alleges two claims arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2671-2680.  Mr. Kiskila alleges a single claim for medical malpractice and Mrs. Kiskila a single claim for loss of consortium.

The claims at bar arise from an October 18, 2005 office visit for medical treatment received by Mr. Kiskila at the VA medical clinic located in Escondido, California.  (FAC ¶12).  Mr. Kiskila received medical treatment from Dr. Osvaldo

Lopez, an alleged employee of the Untied States Department of Veterans Affairs ("VA"). Id. Plaintiffs allege that Defendant "negligently and unlawfully failed to properly and correctly diagnose, render care and treatment, to perform proper surgery on, prescribe and administer medicine and drugs for the condition of" Mr. Kiskila. Id. As a result of Mr. Kiskila's "physicians and personnel to properly diagnose and monitor Mr. Kiskila, he underwent a cardiac event." Id. Plaintiffs seek to be compensated for their injuries.

## DISCUSSION

The FTCA provides "a limited waiver of sovereign immunity for certain torts of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813-14 (1976). The burden of establishing waiver rests with the party asserting jurisdiction. Holoman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).

The FTCA waives sovereign immunity for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while action within the scope of his office of employment." 28 U.S.C. §1346(b). Specifically excluded from the definition is an employee of "any contractor with the United States." 28 U.S.C. §2671. The Supreme Court instructs that "due regard must be given to the exceptions, including the independent contractor exception" to the FTCA. Orleans, 425 U.S. at 814.

Here, the United States comes forward with substantial evidence to show that Dr. Lopez is a contract physician, and not a federal employee. The VA contracted with CR Associates, the employer of Dr. Lopez, to operate the VA medical clinic in Escondido. (Smith Decl., Exh. 2; Vallapando Decl., Exh. 3). The contract between the VA and CR Associates clearly provides that the Untied States retained no control over the professional services rendered at the Escondido VA clinic by Dr. Lopez and that CR Associates' employees were not covered by the FTCA. (Exh. 4). In light of this showing, there is no doubt that Dr. Lopez is an independent contractor within the meaning of the FTCA.

Plaintiffs raise four main arguments in opposition to the Government's motion. First, Plaintiff's argue that Dr. Lopez is a federal employee. They cite to portions of the contract indicating that the CR Associates had to file certain workload and other clinical data daily to the VA. The Supreme Court has rejected similar arguments. "[B]y contract, the Government may fix specific and precise conditions to implement federal objectives. Although such regulations are aimed at assuring compliance with goals, the regulations do not convert the acts of entrepreneurs or of state governmental bodies into federal governmental acts." <u>Orleans</u>, 425 U.S. at 816. Second, Plaintiffs argue that state law principles of agency apply to preclude the Government from arguing that Dr. Lopez is an independent contractor. This argument is not persuasive because such issues are a matter of federal, and not state, law. <u>See</u> <u>Logue v. United States</u>, 412 U.S. 5221, 528 (1973). Third, Plaintiffs argue that the CR Associates contract is not authentic because AUSA Reeves attached page 41 to a transmittal letter but that page does not coincide without contract documents submitted by the Government as Exhibit 4. Although not perfectly clear from the parties' submissions, as noted by the Government, the entire 73 page contract was provided to them as a supplemental disclosure under Rule 26. The court further notes that Exhibit 4 includes the amendments to the modification of the original contract and it appears that the Government inadvertently produced page 41 of the original contract, and not the modified one. (Gov't oppo. at p.4:17-20). Fourth, Plaintiffs argue that the Government should be estopped from arguing that Dr. Lopez and CR Associates are independent contractors for purposes of the FTCA. At the latest, Plaintiffs were aware of Dr. Lopez's affiliation with CR Associates in 2006. Mrs. Kiskila testified that she obtained a business card from Dr. Lopez right after Mr. Kiskila's heart attack. The business card identifies CR Associates in large letters, lists Dr. Lopez as a medical director and sets forth the address of the Escondido VA Clinic. (Gov't Exh. 11). There is simply no indication that the VA concealed Dr. Lopez's affiliation with CR Associates such that principles of estoppel come into play.

1    In sum, the court concludes that the United States cannot be held liable for the

2  acts of independent contractor Dr. Lopez.  That is not to say that Plaintiffs cannot assert

3  a claim against Dr. Lopez or CR Associates.  Rather, this order only dismisses with

4  prejudice the claims against the Untied States.  The Clerk of Court is instructed to close

5  the file.

6    **IT IS SO ORDERED.**

7  DATED:  October 19, 2009

8  _____
   Hon. Jeffrey T. Miller
9  United States District Judge

10  cc:        All parties

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28